UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-686-KK-SPx** | Date: | May 3, 2024 |
| Title: | ***Toyin Dawodu v. Experian, et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause why Class Action Claims Should Not Be Stricken

On February 16, 2024, plaintiff Toyin Dawodu ("Plaintiff"), proceeding pro se, filed a Complaint against defendants Experian Information Solutions, Inc., Trans Union LLC, Equifax Inc., Credit One Bank, First National Capital Corporation, First Premier Bank, LendingClub Bank, N.A., Financial Stability Board, Applied Bank, Capital One, CCS First National Bank, U.S. Bank, State Farm Mutual Automobile Insurance Company, Credit Management LP, Charter Communications, and Spectrum.com in Riverside County Superior Court, asserting fraud and related claims "individually and on behalf of all others similarly situated[.]"  ECF Docket No. ("Dkt.") 1-1 at 7-17.  On April 1, 2024, the action was removed to this Court.  Dkt. 1.

A party proceeding pro se is not an adequate class representative.  See White v. Geren, 310 Fed. App'x 159, 160 (9th Cir. 2009) (affirming dismissal of class action claims because pro se plaintiff "was not an adequate class representative"); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why Plaintiff's class action claims should not be stricken.  Plaintiff shall have **up to and including May 17, 2024** to respond to this Order.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for failure to prosecute and comply with Court orders.  See FED. R. CIV. P. 41(b).**

IT IS SO ORDERED.