UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-686-KK-SPx** | Date: | May 24, 2024 |
|---|---|---|---|
| Title: | *Toyin Dawodu v. Experian, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present     None Present

**Proceedings:**   (In Chambers) Order STRIKING Class Action Claims

On February 16, 2024, plaintiff Toyin Dawodu ("Plaintiff"), proceeding pro se, filed a Complaint against defendants Experian Information Solutions, Inc., Trans Union LLC, Equifax Inc., Credit One Bank, First National Capital Corporation, First Premier Bank, LendingClub Bank, N.A., Financial Stability Board, Applied Bank, Capital One, CCS First National Bank, U.S. Bank, State Farm Mutual Automobile Insurance Company, Credit Management LP, Charter Communications, and Spectrum.com in Riverside County Superior Court, asserting fraud and related claims "individually and on behalf of all others similarly situated[.]" ECF Docket No. ("Dkt.") 1-1 at 7-17. On April 1, 2024, the action was removed to this Court. Dkt. 1.

On May 3, 2024, the Court issued an Order to Show Cause why Plaintiff's class action claims should not be stricken in light of the fact that Plaintiff is proceeding pro se. See dkt. 40. The Court ordered Plaintiff to file a response no later than May 17, 2024. Id. To date, Plaintiff has not filed a response.

///

///

///

///

///

A party proceeding pro se is not an adequate class representative.  See White v. Geren, 310 Fed. App'x 159, 160 (9th Cir. 2009) (affirming dismissal of class action claims because pro se plaintiff "was not an adequate class representative"); Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").  Here, because Plaintiff is proceeding pro se, Plaintiff cannot pursue claims on behalf of the putative class.  In addition, the Court previously provided Plaintiff with an opportunity to respond as to why the class claims should not be stricken, and Plaintiff has failed to do so.  Accordingly, Plaintiff's class action claims are hereby **STRICKEN**.

    **IT IS SO ORDERED.**